IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES CHISLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-1282 |
| ) | |
| SGT. EDWARD P. JOHNSTON in his ) | |
| individual capacity, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER OF COURT

AND NOW, this 30th day of September, 2010, upon consideration of the Pennsylvania Department of Corrections' ("DOC") motion to quash portions of a subpoena dated August 23, 2010 and issued to "Debra Rand, Esq., DOC Office of General Counsel, DOC Headquarters" ("subpoena") (Docket No. 96), DOC's supplement to said motion (Docket No. 98), and Plaintiff's response thereto (Docket No. 99), it is hereby ORDERED that said motion [96] is DENIED for the following reasons:

1. DOC has failed to meet and confer with Plaintiff's counsel prior to filing a discovery motion and failed to file a certificate of conferral in support thereof as required under the Local Rules and this Court's Practice and Procedures. W.D. Pa. L. Cv. R. 7.1; *See* Practices & Procedures of Judge Nora Barry Fischer, II(N), *available at*: http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf (effective 3/23/10).

2. DOC has failed to demonstrate that quashing the subpoena is warranted. *In re Martino*, Misc. No. 10-81, 2010 U.S. Dist. LEXIS 28991, at *3 (W.D. Pa. Mar. 26, 2010) (describing movant's burden on a motion to quash as a "heavy one").

3. DOC has asserted a privilege but failed to support its claim with a privilege log. *See* Fed. R. Civ. P. 45(d)(2)(A)(ii); *see also Avery Dennison Corp. v. Four Pillars*, 190 F.R.D. 1, 1 (D.D.C. 1999) (describing privilege logs as "the universally accepted means" of asserting privilege claims in the federal courts).

4. DOC has failed to demonstrate ambiguity in the disputed terms or show how responding to the subpoena would create an undue burden. *See Gateway Eng'rs, Inc. v. Edward T. Sitarik Contracting, Inc.*, No. 09-mc-209, 2009 U.S. Dist. LEXIS 94351, at *7 (W.D. Pa. Oct. 9, 2005).

5. The subpoena seeks information that is relevant to the subject matter and the discovery sought is reasonably calculated to lead to admissible evidence. *Id.* at *9 (stating that a court should quash a subpoena only if "it is palpable that the evidence sought can have no possible bearing upon the issues") (quoting *Cash Today of Tex., Inc. v. Greenberg*, No. 02-MC-77, 2002 U.S. Dist. LEXIS 20694, at *4 (D. Del. Oct. 23, 2002)).

        *s/Nora Barry Fischer*
        Nora Barry Fischer
        United States District Judge

Date: September 30, 2010
cc/ecf: All counsel of record.