IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES CHISLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 09-1282 |
| SGT. EDWARD P. JOHNSTON in his individual capacity, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Presently before the Court is a motion to compel filed by Plaintiff relating to a subpoena served on the Pennsylvania Department of Corrections ("DOC"), a non-party to this action. (Docket No. 114). The subpoena requests the production of documents relating to incidents of workplace violence, horseplay, hazing or other inappropriate contact and behavior among Corrections Officers at correctional institutions other than the State Correctional Facility at Fayette ("SCI-Fayette").[1] (*See* Docket No. 99-9).[2] The DOC objects to the search for and production of said documents. (Docket No. 117). Specifically, it argues that the discovery sought is overbroad, imposes an undue burden, and is likely to be subject to the attorney-client privilege. (*Id.*). Notably, this particular conflict formed part of a larger discovery dispute that

---

[1] Plaintiff has brought this civil action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution during a training exercise on October 7, 2007 in which Plaintiff was "violently attacked and hog-tied." (Docket No. 21). At the time of the alleged incident, Plaintiff and the named Defendants were employed at SCI-Fayette. (*Id.*).

[2] The DOC notes that Plaintiff's failure to attach the subpoena in question appears to be in violation of Local Rule 5.4. (Docket No. 117 at 5 n.2); *see also* W.D. Pa. L. Cv. R. 5.4(B) ("A party making or responding to a motion or seeking relief under the Federal Rules of Civil Procedure shall file only that portion of discovery requests and responses as needed to decide the motion or determine whether relief should be granted."). However, given that the pertinent subpoena was attached to Plaintiff's original motion to compel, (*see* Docket No. 99-9), and the Court's familiarity with its parameters through prior status conferences and arguments, the Court sees no reason to forego a ruling on this basis in this matter.

was the basis for a separate motion to compel filed by Plaintiff. (*See* Docket No. 99). However, after a motion hearing and a status conference, (*see* Docket Nos. 108, 113), Plaintiff and third party, the DOC, submitted an amended joint status report, which refined the parties' discovery disagreement solely to the present dispute, (*see* Docket No. 112).[3] Upon consideration of the respective arguments, and for the following reasons, the Court finds that the DOC shall produce responsive documents from select additional correctional institutions, for a limited time period.

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Because it is well recognized that the federal rules allow broad and liberal discovery, *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999), district courts, in interpreting Rule 26(b)(1), must be mindful that relevance is a broader inquiry at the discovery stage than at the trial stage, *Gateway Eng'rs, Inc. v. Edward T. Sitarik Contracting, Inc.*, Misc. No. 09-209, 2009 U.S. Dist. LEXIS 94351, at *5 (W.D. Pa. Oct. 9, 2009). However, a district court must limit "the frequency or extent of discovery" if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C); *see also* 7 James W. Moore, Moore's Federal Practice § 37.22[2][d] (3d ed. 2010) (stating that when determining motions to compel discovery in which proportionality is at issue, courts should consider the totality of the specific

---

[3] The Court convened a hearing to discuss, in part, Plaintiff's Motion to Compel Production of Documents from the Pennsylvania Department of Corrections on October 5, 2010. (Docket No. 108). On October 25, 2010, in light of the Joint Amended Status Report dated October 14, 2010, the Court convened a Second Telephonic Status Conference to discuss the ongoing discovery disputes that exist in this case. (Docket No. 113). In addition, subsequent to Plaintiff's most recent filing but prior to the DOC's response, the Court convened a Third Telephonic Discovery Status Conference on November 2, 2010, in part, to clarify the instant controversy. (Docket No. 115-1).

Given Plaintiff counsel's email correspondence to the Court that the amended joint status report and successive motion to compel resolved the issues from the initial filing, the original motion to compel was terminated on November 3, 2010. (Unnumbered Docket Entry).

circumstances presented in the particular case). The party resisting discovery must show specifically how the discovery request is burdensome. *See Rhoades v. YWCA*, Civ. No. 09-261, 2009 U.S. Dist. LEXIS 95486, at *27 (W.D. Pa. Oct. 14, 2009) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).

As part of his claims, Plaintiff has alleged that an informal custom and policy of horseplay and hazing exists among Corrections Officers at all of the state's correctional institutions and that said policy contributed to the events in question. (Docket No. 114 at 2). Within the broad scope of discovery, documentation of Corrections Officers' inappropriate physical conduct with each other, regardless of location,[4] is certainly relevant to demonstrate the existence of such an alleged policy and is potentially illustrative of the named Defendants' understanding of institutionally acceptable behavior. *See* Fed. R. Civ. P. 26(b). Significantly, the deposition testimony of named defendants appears to indicate that they did not consider acts of horseplay to be in violation of any formal rules. (*See* Docket Nos. 114-4, 114-6). Thus, the Court overrules the DOC's relevance objection.

However, given the professed declarations from certain administrators[5] that both outline the department's record keeping policies and detail the potential costs associated with the desired production, the Court acknowledges that the DOC has demonstrated undue burden in complying with the entirety of Plaintiff's request. (*See* Docket Nos. 117 at 7-10, 117-1, 117-2, 117-3). Accordingly, the Court finds that the burden of full compliance with Plaintiff's request

---

[4] As indicated in the amended joint status report, the DOC has previously agreed to search for and produce responsive discovery relating to the individual Defendants, as well as SCI-Fayette, for the time period of January 1, 2004 to the present. (Docket No. 112 at 7-8).

[5] Attached to its response, the DOC included declarations from the following department employees: Timothy Ringler, Acting Deputy Secretary for Administration for the DOC; Joseph Smith, Chief of Employee Programs in the Equal Employment Opportunity office of the DOC; and James Barnacle, Director of the Office of Special Investigations/Intelligence for the DOC. (Docket Nos. 117-1, 117-2, 117-3).

outweighs its likely benefit and, as a result, the ordered production shall be limited, as identified below. *See* Fed. R. Civ. P. 26(b)(2)(C). In making this determination, the Court is mindful that the specific correctional institute in question, SCI-Fayette, is a relatively new facility[6] and that a majority of the named Defendants worked at other state correctional institutions prior to their employment at SCI-Fayette.[7]

The DOC has further contested that the information requested is likely to be subject to the attorney-client privilege. (Docket No. 117 at 10). "The party resisting discovery … bears the burden of demonstrating the applicability of … the attorney-client privilege … as a bar to discovery." *Kraus Indus., Inc. v. Moore*, Civ. No. 06-542, 2008 U.S. Dist. LEXIS 10065, at *9 (W.D. Pa. Feb. 11, 2008) (quoting *McCrink v. Peoples Benefit Life Ins. Co.*, Civ. No. 04-1068, 2004 U.S. Dist. LEXIS 23990, at *3 (E.D. Pa. Nov. 30, 2004)). Indeed, the Federal Rules require a party who withholds otherwise discoverable information on the grounds of privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed … in a manner that … will enable other parties to asses the claim." Fed. R. Civ. P. 26(b)(5)(A). In this Court's estimation, Rule 26(b)(5)(A)(ii) requires that a party raising a privilege as a defense to production do so in a privilege log. *Pritchard v. Dow Agro Scis*, 263 F.R.D. 277, 293 (W.D. Pa. 2009). In this Court's understanding, this has yet to be done. In fact, the DOC acknowledges that it has not even begun to identify any specific documents for the

---

[6] SCI-Fayette became operational in September 2003. (Docket No. 114 at 6).

[7] In response to the Court's inquiry of October 14, 2010, counsel for the parties informed the Court, via email, that the following individual Defendants worked at state correctional facilities other than SCI-Fayette: Sgt. Johnston (SCI-Waynesburg); Lt. Wentroble (SCI-Pittsburgh); Lt. Sutton (SCI-Camp Hill, SCI-Somerset, SCI-Waynesburg); Lt. Hockenberry (SCI-Greene, SCI-Forest); Sgt. Lynch (SCI-Cresson, SCI-Greensburg, SCI-Pittsburgh); and Sgt. Stoner (SCI-Graterford).

4

purpose of preparing a privilege log. (Docket No. 117 at 10). Consequently, the DOC has not satisfied the requirements of Rule 26(b)(5).[8]

Therefore, for the reasons stated, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel [114] is GRANTED, in part and DENIED, in part;

IT IS FURTHER ORDERED that the DOC shall search its records for SCI-Waynesburg, SCI-Pittsburgh, SCI-Camp Hill, SCI-Somerset, SCI-Greene, SCI-Forest, SCI-Greensburg, and SCI-Graterford and shall produce the responsive documents found for the time period of January 1, 2004[9] to the present by **December 23, 2010 at 5:00 p.m.**;

FINALLY, IT IS ORDERED that, pursuant to Fed. R. Civ. P. 37(a)(5)(C), each party shall bear its own costs and fees incurred with respect to Plaintiff's motion.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: November 22, 2010
cc/ecf: All counsel of record.

---

[8] If necessary, the Court will revisit the issue of attorney-client privilege with regard to the forthcoming discovery after the production of an appropriate privilege log.

[9] As previously indicated, within the joint amended status report, the DOC agreed to secure responsive documents relating to the individual Defendants, as well as SCI-Fayette, for the time period of January 1, 2004 to the present. *See* n.4, *supra*.

5