# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES CHISLER, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No. 09-1282<br>) Judge Nora Barry Fischer |
| SGT. EDWARD P. JOHNSTON, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court is the Plaintiff's "Motion for Leave to File Seconded [sic] Amended Complaint." (Docket No. 146). Defendants Donald Hockenberry, Daniel Lynch, Joseph Palanchar, and Howard Sutton responded. (Docket No. 156). Plaintiff replied on June 23, 2011. (Docket No. 162). A hearing on the motion was held on June 30, 2011. (*See* Docket No. 164). The motion is now ripe for disposition. For the following reasons, Plaintiff's motion [146] is GRANTED.

### I. BACKGROUND

#### a. FACTUAL BACKGROUND

Because the factual background of this case is presented elsewhere, (*see* Docket Nos. 58, 160), and the facts have little bearing on this motion, they are not presented again here.

#### b. PROCEDURAL BACKGROUND

This case was originally filed on September 21, 2009. (Docket No. 1). On November 24, 2009, Defendants filed a motion to dismiss. (Docket No. 16). In response, Plaintiff filed an Amended Complaint, (Docket No. 21), rendering moot the initial motion to dismiss. (Docket No.

24). Subsequently, Defendant Timothy Wentroble filed a motion to dismiss the Amended Complaint. (Docket No. 28).

A short time thereafter, on January 7, 2010, Defendants Hockenberry, Lynch, Palanchar, and Sutton also filed a motion to dismiss the Amended Complaint. (Docket No. 35). Defendants Clayton Stoner and Edward Johnston filed another motion to dismiss on January 11, 2010, and two days later, Defendant Erik Keller likewise filed a motion to dismiss. (Docket Nos. 39, 42). Plaintiff filed his response to all the pending motions to dismiss on February 5, 2010. (Docket Nos. 50, 52, 54, 56). The Court denied all motions to dismiss on March 29, 2010. (Docket No. 58-59).

On May 17, 2010, the Court entered a Case Management Order indicating that any motions to amend the pleadings or to add new parties were to be filed by October 13, 2010. (Docket No. 76). Subsequently, on October 7, 2010 and again on February 16, 2011, the Court amended the Case Management Order by, among other things, extending the deadline for motions to amend the pleadings or add parties. (Docket Nos. 109, 135). The deadline set by the February 2011 Order was April 30, 2011. (Docket No. 135).

April 30, 2011 was a Saturday. The following Monday, May 2, 2011, Plaintiff timely filed the instant motion. (Docket No. 146). Attached to the motion was Plaintiff's proposed Second Amended Complaint. (Docket No. 146-13).

c. **THE PARTIES' ARGUMENTS**

Plaintiff argues that he should be granted leave to file a Second Amended Complaint, and that the new complaint should relate back to the date of filing of the original complaint. (Docket No. 147 at 4). The first basis Plaintiff puts forth is that Federal Rule of Civil Procedure 15(a)(2) broadly requires that leave to amend a Complaint "shall be freely given when justice so

2

requires." (*Id.* at 5). Accordingly, Plaintiff argues that the amended allegations "arose out of the same conduct attributed to the original Defendants in the original pleading." (*Id.* at 6). Further, he asserts that the prospective Defendants had constructive notice of the lawsuit under either of the "shared attorney" or the "identity of interest" standards. (*Id.* at 7-8). Therefore, says Plaintiff, the prospective Defendants either knew or should have known that they would have been named, but for Plaintiff's excusable "mistake." (Docket No. 147 at 13).

After arguably establishing that he has satisfied the requirements for leave to amend, Plaintiff next argues that the late motion to amend was not "unduly delayed." (*Id.* at 14). There was no delay according to Plaintiff because he had to review documents and take depositions in order to "draft a Second Amended Complaint that would be able to withstand a Rule 12(b)(6) motion to dismiss." (*Id.* at 14). Plaintiff then argues that Defendants must show that prejudice would inure if the motion to amend is granted. (*Id.* at 15).

The Defendants argue that Plaintiff is not merely seeking to amend the complaint to add new parties and rectify clerical errors. (Docket No. 156 at ¶ 1). Defendants claim that the proposed Second Amended Complaint "change[s Plaintiff's] entire theory of the case for the third time…" (*Id.* at ¶ 2). As the Defendants paint the case, Plaintiff's original complaint was based on a theory of hazing and cover-up – at worst, state torts and not constitutional violations. (*Id.* at ¶ 3). In light of Defendants' motion to dismiss, Plaintiff simply re-characterized the events in question from "hazing" to instances of "violence" for which the "supervisory defendants" were liable. (*Id.* at ¶ 6). These changes, say the Defendants, were made strictly as an attempt to overcome the Defendants' motion to dismiss. (*Id.* at ¶ 7).[1]

---

[1] Here, it is worth noting that Plaintiff, in his reply, states that he "will not address any arguments based upon the factual allegations in the Original Complaint" due to the "rule of law that the Amended Complaint supersedes the original and renders it of no legal effect." (Docket No. 162

3

As to the proposed Second Amendment, Defendants argue that Plaintiff is again engaging in the same efforts to "overcome the fact that he has no case whatsoever…" (Docket No. 156 at ¶ 8). According to the Defendants' reading of the Amended Complaint, Plaintiff was alleging a "custom, pattern [or] practice" of violence in the workplace. (*Id.* at ¶ 10). The Defendants quote multiple depositions which support the conclusion that there is no custom, pattern, or practice of violence at the DOC. (*See id.* at ¶¶ 11-19). Accordingly, the Defendants paint Plaintiff's new theory as arguing that the DOC's workplace violence policy is inadequate because, "in order to have a policy…to effectively eliminate 'workplace violence,' DOC must also have an effective policy that prohibits 'horseplay.' The lack of that policy can lead to 'workplace violence' and, serious injury." (*Id.* at ¶ 22 (quoting Docket No. 146 at 2 n.1)). Thus, because Plaintiff is attempting to make the complaint a "moving target," he should not be allowed to amend the complaint again. (*Id.* at ¶ 23). Finally, the Defendants argue that amendment is futile. (*Id.* at ¶ 30). They argue that there are two theories of supervisory liability under *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010), and Plaintiff has not sufficiently pled either theory. (Docket No. 156 at ¶¶ 31-32).

In his reply, Plaintiff states that "'horseplay'…is permissible under a well-established custom, practice and policy [at the DOC], [and] often leads to 'workplace violence.'" (Docket No. 162 at ¶ 8). He claims that his reason for filing the Second Amended Complaint is not related to the original supervisory defendants; "rather it was to substitute named defendants for the John/Jane Doe's in the First Amended Complaint." (*Id.* at ¶ 16). Plaintiff also claims that amendment is not futile. (*Id.* at ¶¶ 32-41).

---

at ¶ 6). The Court agrees with Plaintiff's argument. *See Burkes v. Tranquilli*, 2008 U.S. Dist. LEXIS 51403, *2 (W.D.Pa. July 2, 2008) (quoting *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996) (the amended complaint "supersedes the original and renders it of no legal effect…").

## II. LEGAL STANDARD

A party may file a Second Amended Complaint "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED.R.CIV.P. 15(a)(2). "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The question here is whether justice requires this Court to grant Plaintiff leave to amend his Amended Complaint.[2]

The "grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman*, 371 U.S. at 182. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). There appears to be no concern of bad faith or dilatory motive here,[3] so the Court need only address undue delay, prejudice, and futility.

Delay alone is insufficient to justify denial of leave to amend. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). "[H]owever, at some point,…delay will become 'undue,' placing an unwarranted burden on the court … [and] an unfair burden on the opposing party." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (quoting *Adams*, 739 F.2d at 868). There is no presumptive period at which an amendment is deemed "timely" or in which delay becomes "undue." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 (3d Cir. 2006). Typically, a

---

[2] Plaintiff expressly argues that the Second Amended Complaint relates back to the date of filing of the original complaint. (*See* Docket No. 147 at 4). Defendants do not challenge relation back in their response, so the Court presumes that relation back is appropriate here and will, therefore, not address the issue.

[3] Defendants make intermittent reference to bad faith and dilatory motive, but little is said to support these claims beyond conclusory statements. (*See* Docket No. 156 at ¶¶ 2, 23, 26, 27).

finding of undue delay will be rooted in the movant's failure to take advantage of previous opportunities to amend. *Cureton*, 252 F.3d at 273; *Adams*, 739 F.2d at 868.

Additionally, the non-moving party should not be prejudiced by an amendment. Indeed, "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co., Inc. v. Occupational Safety and Health Review Commission*, 573 F.2d 820, 823 (3d Cir. 1978). Under Rule 15, prejudice means "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 299 (3d Cir. 1969). A court may inquire into the hardship to the non-moving party in order to evaluate the extent of the prejudice. *Cornell*, 573 F.2d at 824.

"Futility" means that the amended complaint would fail to state a claim upon which relief could be granted. *Shane*, 213 F.3d at 115; *Burlington*, 114 F.3d at 1434. A district court must apply the same standard of legal sufficiency as would apply under Rule 12(b)(6). *Shane*, 213 F.3d at 115. Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend must be granted unless the amendment would not cure the deficiency. *Id.*

III. ANALYSIS

    a. UNDUE DELAY

Again, a finding of undue delay is typically rooted in the movant's failure to take advantage of previous opportunities to amend. *See Cureton*, 252 F.3d at 273. In *Cureton*, for example, the Court of Appeals found undue delay based on several factors. The most important, under this Court's reading, was that the plaintiffs had been aware of the factual information underlying the amended complaint for almost two-and-a-half years before they sought leave to amend. *Cureton*, 252 F.3d at 273-74.

Likewise, in *Lorenz v. CSX Corp.*, the Court of Appeals relied upon the plaintiff's failure to amend despite having the opportunity to do so. There, the plaintiff "had numerous opportunities to correct any deficiencies in her RICO claim but failed to take advantage of them. Her delay was unreasonable." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).

Here, Plaintiff claims that he was only recently made aware of new, relevant factual information. (Docket No. 147 at 14). If this allegation is true, and Defendants do not claim otherwise,[4] then Plaintiff has not had an earlier opportunity to file the appropriate amendment. Therefore, this Court concludes that there has not been undue delay in Plaintiff's filing of the instant motion.

### b. PREJUDICE

The gist of the Defendants' prejudice argument seems to be that Plaintiff is changing the theory of the case, or in other words, making the complaint a "moving target." (*See* Docket No. 156 at ¶¶ 3-26). Despite "aiming at a moving target," Defendants admit that they will not seek further discovery. (*Id.* at ¶ 28). Instead, they claim that the prejudice arises because, had they been aware of Plaintiff's new theory, their deposition strategies *would have been* entirely different. (*Id.*). Moreover, Defendants will have to prepare and produce new declarations in support of their summary judgment motion. (*Id.*).

Although "the issue of prejudice requires [a court to] focus on the hardship to the defendants if the amendment were permitted," *Cureton*, 252 F.3d at 273, mere inconvenience to

---

[4] Nor does it appear that the Defendants could reasonably claim otherwise. This case has been subject to extensive discovery, which involved a third party (the DOC) that possessed relevant documents. Indeed, this Court only recently addressed a discovery dispute between Plaintiff and the DOC. *See Chisler v. Johnston*, --- F.Supp.2d ---, 2011 WL 2457907 (W.D.Pa. 2011 June 16, 2011). Moreover, Plaintiff's Counsel was in an accident during this litigation. (*See* Docket No. 159 at 64 lns 12-16). These complications certainly limited Plaintiff's opportunities to quickly review the pertinent documents and file a Second Amended Complaint.

a defendant is not sufficiently prejudicial to bar an amendment which justice would otherwise require. Hardship may be shown where a proposed amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. *Id.* Put another way, prejudice arises where a new complaint would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In *Cornell*, the United States Court of Appeals for the Third Circuit held that it was abuse of discretion to allow an amendment in an employment case. *Cornell*, 573 F.2d at 821. The *Cornell* decision was premised upon the fact that the employer-defendant would have been burdened with "guessing what violations the [plaintiff] might charge and preparing a number of defenses accordingly." *Id.* at 825. Because different claims would result in disputes over a different set of facts, the Court found amendment to be prejudicial. *See id.* at 825-26.

In *U.S. ex rel. Brown v. Merant Inc.*, Civ. No. 99-6481, 2002 WL 487160, *7 (E.D. Pa. March 29, 2002), the court held that allowing a third amended complaint was prejudicial. The amendment came at the summary judgment stage and would "forc[e the defendant] to defend another claim of fraud not within the Second Amended Complaint and embark anew on voluminous discovery." *Id.* The court's concern was that allowing the amendment "would essentially deny [the defendant] summary judgment because the evidence proves no allegation against it but might show something else." *Id.*

Conversely, amendment has been allowed where a defendant failed to articulate specific prejudice. *See Disabled in Action of Pennsylvania v. Southeastern Pennsylvania Transp. Authority*, Civ. No. 03-1577, 2005 WL 387587, at *2-3 (E.D. Pa. February 15, 2005) (allowing

8

amendment where the defendant "did not articulate anything more particular than the 'moving target' refrain."). In *Disabled in Action*, the defendant was already aware of the plaintiff's arguments under the Americans with Disabilities Act (ADA) and the plaintiff was simply attempting to add an additional claim under the Americans with Disabilities Act (ADA). *Id.* at *3.

The Court is of the opinion that this case most closely resembles *Disabled in Action*. Plaintiff has not presented a broad swath of unrelated potential theories as in *Cornell*. Nor has Plaintiff filed a motion that will require "voluminous discovery" at the summary judgment stage. Instead, Plaintiff has amended a claim under the same operative statute as the claim in the earlier complaints. Moreover, the Defendants admit that they will not seek further discovery. (Docket No. 156 at ¶ 28). They have access to those whom they believe will need to provide declarations. The case is not at the summary judgment stage and is still far from the trial stage. Any prejudice to the Defendants appears to this Court to be *de minimis*. Under these circumstances, this Court finds no reason to conclude that Defendants will be prejudiced by a decision allowing Plaintiff to amend, based on the record before this Court.

### c. FUTILITY

As to the question of futility, the Court acknowledges the Defendants' arguments that Plaintiff cannot prove either form of supervisory liability. (*See* Docket No. 156 at ¶ 30-32). However, the Court is not persuaded by Defendants' arguments because the pleadings in the Second Amended Complaint, accepted as true, are sufficient to make supervisory liability plausible. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("To survive a motion to dismiss, a complaint must contain

9

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

As to the first form of supervisory liability, under which supervisors can be held liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," *see Santiago*, 629 F.3d at 129 n.5, Defendants argue that "Plaintiff is saying that a custom, policy, and practice of one thing directly led to an entirely different thing." (*Id.* at ¶ 31). This is certainly correct. However, as highlighted repeatedly in Plaintiff's proposed Second Amended Complaint, statements by multiple members of the DOC seem to support Plaintiff's assertion that horseplay can lead directly to workplace violence. (*See, e.g.*, Docket No. 146-13 at ¶¶ 66-69, 75, 95; *see also* Docket No. 162 at ¶¶ 8-11). Plaintiff's claims thus are plausible as pled. The proposed Second Amended Complaint is, therefore, not futile under the asserted theory of liability.

The second theory of supervisory liability requires a showing that supervisors "participated in violating plaintiff's rights, directed others to violate them, or, as person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Santiago*, 629 F.3d at 129 n. 5. Again, Plaintiff's allegations of a custom, policy or practice – encouraged by the acquiescence of the new supervisory defendants – could plausibly support a claim for violation of Plaintiff's constitutional rights. The proposed Second Amended Complaint is, therefore, not futile under this alternate theory of supervisory liability.

Finally, the Court notes that the Amended Complaint has already survived multiple motions to dismiss. As referenced above, the theory of the Second Amended Complaint is not overwhelmingly different from the theory of the Amended Complaint, and is indeed premised upon the same operative statute. Because the proposed Second Amended Complaint does not

dramatically change the theory of the case, but adds significant factual averments, the Court finds no basis for Defendants' claim of futility.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Second Amended Complaint is GRANTED. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record
Date: July 28, 2011